[No. 9943.  Department Two.  February 8, 1912.]

PETER FRONHOFER, *Respondent*, v. INLAND NAVIGATION
COMPANY *et al.*, *Appellants*.[1]

APPEAL—REVIEW—VERDICT.  A verdict will not be disturbed on
appeal where the evidence is conflicting and sufficient to sustain a
finding either way.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.  A verdict for
$1,410, reduced by the trial court to $910, for a severe and painful
knife cut in the thigh, received in an assault, will not be disturbed
on appeal as excessive.

CARRIERS—INJURIES—OWNERSHIP OF VESSEL—QUESTION—SUFFICI-
ENCY.  A navigation company selling a ticket for passage on a boat,
is not liable for an assault by a deckhand on the boat, where there
was no evidence that it owned or operated the boat.

Appeal from a judgment of the superior court for King
county, Prigmore, J., entered June 16, 1911, upon the ver-
dict of a jury rendered in favor of the plaintiff, for damages
for an assault on a passenger on a boat.  Reversed in part
and affirmed in part.

*Ira Bronson,* for appellants.

*Vince H. Faben,* for respondent.

MORRIS, J.—Action to recover damages for personal in-
juries.  Respondent alleged that, on June 26, 1910, while he
was a passenger upon the steamer Tourist, on the run from
Pleasant Beach to Seattle, he was assaulted by a deckhand,
and received a severe and painful knife cut in his left thigh.
Issue being joined, the evidence was submitted to a jury, and
a verdict of $1,410 returned.  Upon appellants' motion for
a new trial, the court below reduced the verdict to $910, and
entered judgment, from which appeal is taken.

[1]Reported in 121 Pac. 45.

The errors here urged are insufficiency of the evidence to justify the verdict; that the verdict is still excessive; and that the motion of the Inland Navigation Company for its dismissal should have been granted.   The evidence is greatly conflicting as to the part played by respondent in what appears to have been a free-for-all fight on board the steamer. Respondent and his witnesses say he was a mere spectator, taking no part in the disturbance, and that while standing quietly in one of the passageways he was, without provocation, cut by one of the deckhands.   Appellants' witnesses make him a leader in the drunken brawl, and confine the fighting to the passengers, with no member of the crew participating, except in the lawful effort to quell the disturbance.   The evidence was such that it would support a verdict upon either theory, and under such circumstances there is no reason why we should consider disturbing the verdict. If the jury believed it, the evidence was ample to support the verdict, and it must stand.

The trial judge, upon appellants' contention that it was excessive, reduced the verdict from $1,410, to $910.   We are not prepared to say that a further reduction should now be made.   The amount is ample for the injuries disclosed by the evidence, but we cannot say it is too much, and to that extent override both the judgment of the jury and that of the trial judge.

The next contention of appellants should be sustained. The only evidence as to the ownership and operation of the steamer Tourist on the day of the assault eliminates the Inland Navigation Company.   There is some evidence that this company issued the ticket upon which respondent took passage.   His cause of action, however, is one in tort, and will lie only against those in fact and in law answerable for that tort.   The evidence does not disclose that this company is so answerable, and its motion to dismiss should have been granted.

Feb. 1912]          Opinion Per MOUNT, J.

The judgment is reversed as to the Inland Navigation Company, and the cause remanded with instructions to dismiss as to it.   In all other respects, it is affirmed.

DUNBAR, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.